UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUKENS B.A.,[1] Petitioner, v. TONYA ANDREWS, et al., Respondents. | No. 1:26-cv-08193-TLN-CSK<br>A # 244-411-556<br>**RELEASE ORDER** |

This matter is before the Court on Petitioner Dukens B.A.'s ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondents filed an opposition. (ECF No. 8.) For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.)

///

///

///

///

///

[1] Che Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

Petitioner is a noncitizen who entered the United States on February 23, 2024. (ECF No. 8-1 at 3.) He was detained by U.S. Customs and Border Patrol and subsequently released on parole. (*Id.*; ECF No. 8 at 1.) The Department of Homeland Security initiated removal proceedings against Petitioner through service of a Notice to Appear the next day. (ECF No. 8-3.)

U.S. Immigration and Customs Enforcement ("ICE") re-detained Petitioner during a traffic stop on September 9, 2026. (ECF No. 8-2 at 2.) He was subsequently transferred to Golden State Annex Detention Facility and has not received a bond hearing in immigration court. (ECF No. 1 at 4, 5.)

On October 5, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus. (ECF No. 1.) Petitioner challenges the lawfulness of his civil detention and seeks immediate release. (*Id.*)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Analysis

Petitioner claims his detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 16–17.) In opposition, Respondents contend Petitioner is subject to mandatory detention

under 8 U.S.C. § 1225(b) ("§ 1225(b)"). (ECF No. 8 at 1.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

A. <u>Liberty Interest</u>

Respondents assert that Petitioner lacks a protectable liberty interest because he is subject to mandatory detention under § 1225(b), and, pursuant to the entry fiction doctrine, his "due process rights are limited to the process provided by Congress in 8 U.S.C. §1225(b)." (ECF No. 8 at 1–2.)

Respondents' invocation of the entry fiction doctrine is based upon a fundamental misreading of the Ninth Circuit's decision in *Padilla v. United States Immigration & Customs Enforcement*, No. 24-2801, 2026 WL 2822044 (9th Cir. Sept. 21, 2026). Seizing upon the court's discussion of *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), Respondents contend that *Padilla* found "that the 'entry fiction doctrine' applies to arriving [noncitizens] and noncitizen parolees, like Petitioner." (ECF No. 8 at 2.) The *Padilla* Court, however, was at pains to emphasize that the entry fiction doctrine does not divest noncitizens of their due process rights regarding detention: "In sum, the government's strictly circumscribed detention authority, a pillar of our common law tradition for almost a millennium, stands in

contrast to the political branch's 'plenary authority to decide which [noncitizens] to admit.'" No. 24-2801, 2026 WL 2822044, at *19 (citing *Thuraissigiam*, 591 U.S. at 139). The entry fiction doctrine therefore "has no application here, the government's fervent pleas for its vast expansion notwithstanding." *Id.*

Accordingly, the Court finds Petitioner maintains a clear interest in his continued liberty protected by the Due Process Clause.

B. <u>Procedures Required</u>

Having found Petitioner possesses a protected liberty interest, the Court next examines what process is necessary to ensure any deprivation of that interest accords with the Constitution. Having considered the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. *See Brayan C. C. v. Warden of California City Corr. Ctr.*, No. 2:26-CV-00641-TLN-JDP, 2026 WL 710358, at *3–4 (E.D. Cal. Mar. 13, 2026). First, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him. Second, the risk that Petitioner is being erroneously deprived of his liberty is high given that he has no criminal history. Respondents do not argue Petitioner is a danger or a flight risk, and Petitioner has received virtually no procedural safeguards to ensure his detention is justified. Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low. The Court notes that Respondents put forth no substantive argument on the process due to Petitioner.

Thus, upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. He received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Dukens B.A. A# 244-411-556 from custody. At the time of release, Respondents must return all of Petitioner's

documents and possessions. **Respondents must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2. Respondents are ENJOINED from re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

4. The Application to Proceed in Forma Pauperis is GRANTED. (ECF No. 2.)

5. The Motion for Temporary Restraining Order is DENIED as moot. (ECF No. 3.)

6. The Motion to Appoint Counsel is DENIED as moot. (ECF No. 4.)

7. **The Clerk of Court is directed to serve Golden State Annex Detention Facility with a copy of this Order.**

8. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: October 16, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE